UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **NORTON MUSEUM OF ART, INC.,** *Plaintiff,* v. <br><br> **VERITY PARTNERS, INC.,** *Defendant.* | : <br> : <br> : <br> : <br> : <br> : CASE NO. 9:25-cv-81303 <br> : <br> : District Judge Donald M. Middlebrooks <br> : Magistrate Judge William Matthewman <br> : <br> : <br> : |

**JOINT DISCOVERY PLAN**

Pursuant to the Court's Order of December 17, 2025 [ECF No. 21], Plaintiff Norton Museum of Art, Inc. ("Plaintiff") and Defendant Verity Partners, Inc. ("Defendant"), met and conferred by video conference on December 30, 2025 and hereby submit the following Joint Discovery Plan:

    A.    **An Estimated Valuation of the Case from the Perspective of Plaintiff(s) and Defendant(s).**

Plaintiff's estimated valuation of the case is in excess of $50,000.

Defendant denies any liability to Plaintiff in this action. Notwithstanding, Defendant anticipates the filing of counterclaims against Plaintiff, the estimated valuation of which may exceed $50,000.00.

    B.    **The Date for Exchanging Initial Disclosures Pursuant to Rule 26(a)(1).**

The Parties agree to exchange initial disclosures on or before January 30, 2026.

    C.    **The Subjects on Which Discovery May Be Needed.**

The Parties currently intend to seek discovery with respect to all claims and defenses.

D. **Whether the Parties Can Agree to Limit Discovery on Particular Issues Through Stipulation.**

The Parties anticipate that they will be able to stipulate to the authenticity of certain documents and communications and to certain undisputed facts. The Parties have no concrete proposals at this time. As the cases progresses, however, the Parties will, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

E. **What Document Discovery Is Needed.**

The Parties currently intend to seek document discovery with respect to all claims and defenses. This could include internal emails and communications, communication and email exchanges between employees of Plaintiff and Defendant, and any agreements between Plaintiff and Defendant.

F. **Whether Discovery Should Be Conducted in Phases.**

The Parties anticipate discovery does not need to be conducted in phases.

G. **Whether the Parties Expect to Have Disclosure, Discovery, or Preservation of Electronically Stored Information.**

The Parties currently intend to seek discovery with respect to all claims and defenses. Documents sought could include internal emails and communications, communications and email exchanges between employees of Plaintiff and Defendant, and any agreements between Plaintiff and Defendant. As the pleadings are not yet closed, the Parties are uncertain as to the anticipated cost of e-discovery currently. The Parties will endeavor to minimize these costs, to the extent possible. No alternatives to e-discovery are possible.

H. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The Parties do not consent to referring matters to the Magistrate Judge.

I.      **What Individuals Each Side Intends to Depose.**

The Parties have not yet identified specific individuals they anticipate deposing. However, generally speaking, Plaintiff and Defendant intend to depose employees of Plaintiff and Defendant who are knowledgeable on the relationship between Plaintiff and Defendant, the agreement between Plaintiff and Defendant, and the dispute giving rise to all claims and defenses.

J.      **Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including—if the Parties Agree on a Procedure to Assert These Claims After Production—Whether to Ask the Court to Include Their Agreement in an Order Under Federal Rule of Evidence 502.**

The Parties will request the entry of a protective order to protect information requested or derived during discovery that contains trade secrets, financial, or personal confidential information.

K.      **What Changes Should Be Made in the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure or the Local Rules.**

The Parties do not anticipate the need for, and do not request, any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules.

L.      **Whether Early Mediation or a Settlement Conference with a Magistrate Judge Prior to the Close of Discovery Would Be Helpful.**

The Parties agree that early mediation prior to the close of discovery would be helpful.

Respectfully submitted,

| | |
|---|---|
| */s/ Carrie Stolzer Robinson* | */s/ Liana R. Hollingsworth* |
| Ricardo A. Reyes, Esq. FBN 864056 | Liana R. Hollingsworth (FL-76930) |
| Carrie Stolzer Robinson, Esq., FBN 0354030 | Danielle S. Rice (OH-0093757) (*pro hac vice*) |
| TOBIN \| REYES PLLC | VORYS, SATER, SEYMOUR AND PEASE LLP |
| 225 N.E. Mizner Boulevard, Suite 510 | 52 East Gay Street |
| Boca Raton, Florida 33432 | Columbus, OH  43215 |
| Tel: (561) 620-0656; (561) 620-0657 | Telephone: (614) 464-5628 |
| Primary Email: eservice@tobinreyes.com | Facsimile: (614) 719-5129 |
| Secondary Email: rar@tobinreyes.com | Email: lrhollingsworth@vorys.com |
| | dsrice@vorys.com |
| *Attorneys for Defendant* | |
| | *Attorneys for Plaintiff* |

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on December 30, 2025, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: All Counsel of Record.

*/s/ Carrie Stolzer Robinson*
Carrie Stolzer Robinson, Esq., FBN 0354030
