IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-81303-Middlebrooks/Matthewman

NORTON MUSEUM OF ART, INC.,

    plaintiff,

v.

VERITY PARTNERS, INC.,

    defendant.

_____/

## ANSWER, RULE 12 DEFENSES, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM WITH JURY DEMAND

Defendant VERITY PARTNERS, INC. ("Verity") hereby answers and asserts Rule 12 defenses and affirmative defenses to the First Amended Complaint with Jury Demand ("Amended Complaint") and asserts it's counterclaim, as follows:

    1.    Verity admits the allegations asserted in paragraphs 1 and 2 of the Amended Complaint.

    2.    Verity admits that the Court has subject matter jurisdiction, but otherwise denies the allegations asserted in paragraph 3 of the Amended Complaint.

    3.    Verity admits the allegations asserted in paragraphs 4 and 5 of the Amended Complaint.

    4.    Verity admits that venue is proper in this Court, but otherwise denies the allegations asserted in paragraph 6 of the Amended Complaint.

    5.    Verity admits that plaintiff is a non-profit art museum in Palm Beach County, Florida, but otherwise lacks knowledge or information sufficient to form a belief about the

truth of the allegations asserted in paragraph 7 of the Amended Complaint.

6. Verity admits that in August 2015, the Museum and Verity entered into an agreement ("the Master Service Agreement"), but otherwise denies the allegations asserted in paragraph 8 of the Amended Complaint.

7. Verity admits that the Master Services Agreement included addenda ("Service Orders" and otherwise), but otherwise denies the allegations asserted in paragraph 9 of the Amended Complaint.

8. Verity admits that the Master Services Agreement and Service Orders included certain network, connectivity, and cloud voice services, but otherwise denies the allegations asserted in paragraph 10 of the Amended Complaint.

9. Verity denies the allegations asserted in paragraph 11 of the Amended Complaint. Particularly, including, but not limited to, the Museum missed and was late in making payments, and failed to, in a timely and professional manner, assist, cooperate, and provide Verity with complete and accurate information and data necessary for Verity to perform its services under the agreement.

10. Verity admits that the Master Services Agreement states that "Verity shall, to the best of its ability, render the services set forth in this Agreement in a timely and professional manner …," but otherwise denies the allegations asserted in paragraph 12 of the Amended Complaint.

11. Verity admits that one of the Service Orders states "P2 and lower cases (non-business interrupting) are treated at 8x5 business hours response timeframe" and "P1 and higher cases (business interrupting emergency triage) are treated at 24x7

response timeframe," but otherwise denies the allegations asserted in paragraph 13 of the Amended Complaint.

12. Verity denies the allegations asserted in paragraphs 14-18 of the Amended Complaint.

13. Verity admits that porting existing numbers is needed to transition to a new telephone service provider, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 19 of the Amended Complaint.

14. Verity denies the allegations asserted in paragraph 20 of the Amended Complaint.

15. Verity denies the allegations asserted in paragraph 21-23 of the Amended Complaint.

16. Verity admits that the Museum provided the email communication dated October 1, 2025 included in Exhibit A to the Amended Complaint, but otherwise denies the allegations asserted in paragraph 24 of the Amended Complaint.

17. Verity admits that the Museum sent the email communications included in Exhibit A to the Amended Complaint, but otherwise denies the allegations asserted in paragraph 25 of the Amended Complaint.

18. Verity admits that on October 21, 2025, the museum initiated the instant proceedings against Verity by the filing of a complaint, but otherwise denies the allegations asserted in paragraph 26 of the Amended Complaint.

19. Verity denies the allegations asserted in paragraph 27-31 of the Amended Complaint.

20. Verity admits that the Museum purports to restate, as if fully rewritten, the paragraphs specified in paragraph 32 of the Amended Complaint, but otherwise denies the allegations asserted in paragraph 32 of the Amended Complaint.

21. Verity admits that 47 U.S.C § 222(c)(2) states "[a] telecommunications carrier shall disclose customer proprietary network information, upon affirmative written request by the customer, to any person designated by the customer," but otherwise denies the allegations asserted in paragraph 33.

22. Verity admits that the Museum sent written communications to Verity, but otherwise denies the allegations asserted in paragraph 34 of the Amended Complaint.

23. Verity denies the allegations asserted in paragraphs 35-37 of the Amended Complaint.

24. Verity admits that the Museum purports to restate, as if fully rewritten, the paragraphs specified in paragraph 38 of the Amended Complaint, but otherwise denies the allegations asserted in paragraph 38 of the Amended Complaint.

25. Verity admits that the provisions 47 C.F.R § 52.35 specify the porting intervals for the for the porting of telephone numbers, but otherwise denies the allegations of paragraph 39 of the Amended Complaint.

26. Verity denies the allegations asserted in paragraphs 40-42 of the Amended Complaint.

27. Verity admits the allegations asserted in paragraph 43 of the Amended Complaint, but otherwise denies that Verity's conduct constitutes a violation of the number portability rules.

28. Verity admits the allegations asserted in paragraph 44 of the Amended

Complaint, but otherwise denies that Verity's conduct constitutes a violation of the number portability regulations, including 47 C.F.R. § 52.35.

29. Verity admits the allegations asserted in paragraph 45 of the Amended Complaint.

30. Verity denies the allegations asserted in paragraphs 46-49 of the Amended Complaint.

31. Verity admits that the Museum purports to restate, as if fully rewritten, the paragraphs specified in paragraph 50 of the Amended Complaint, but otherwise denies the allegations asserted in paragraph 50 of the Amended Complaint.

32. Verity admits that the Museum and Verity entered into the Master Service Agreement dated August 5, 2015 and that the Master Service Agreement contemplated additional Service Orders and other addenda subsequent to the August 5, 2015 execution of the agreement, but otherwise denies the allegations asserted in paragraph 51 of the Amended Complaint.

33. Verity denies the allegations asserted in paragraph 52 of the Amended Complaint. Particularly, including, but not limited to, the Museum missed and was late in making payments, and failed to, in a timely and professional manner, assist, cooperate, and provide Verity with complete and accurate information and data necessary for Verity to perform its services under the agreement.

34. Verity denies the allegations asserted in paragraphs 53 and 54 of the Amended Complaint.

35. Verity admits that the Museum purports to restate, as if fully rewritten, the paragraphs specified in paragraph 55 of the Amended Complaint, but otherwise denies

the allegations asserted in paragraph 55 of the Amended Complaint.

36. Verity admits that the Museum did make payments to Verity for telephony and network services, but Verity denies that such payments conferred a benefit on Verity, but, rather, were the Museum's obligation under an express contract, the Master Service Agreement. Verity otherwise denies the allegations asserted in paragraphs 56-58 of the Amended complaint.

37. Verity denies the allegations asserted in paragraph 59 of the Amended complaint.

38. Verity denies each and every averment of the Amended Complaint other than those expressly admitted in this Answer.

## RULE 12 DEFENSES

39. Count IV (Unjust Enrichment) of the Amended Complaint fails to state a claim upon which relief can be granted. Although purporting to assert the Count IV as in the alternative, by its restating the preceding "forgoing" paragraphs of its Amended Complaint, plaintiff has alleged in Count IV the existence of an express contract, fatal to its claim of unjust enrichment.

## AFFIRMATIVE DEFENSES

40. As an affirmative defense to Count III (Breach of Contract) and Count IV (Unjust Enrichment), Defendant asserts limitation of liability. The Master Service Agreement, at paragraph 15, provides, as follows:

> **Limitation of Liability** IN NO EVENT SHALL VERITY BE LIABLE TO CUSTOMER FOR ANY INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL OR EXEMPLARY DAMAGES, INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF REVENUE, LOSS OF PROFITS, OR LOSS OF CUSTOMER'S CLIENTS OR GOODWILL,

ARISING IN ANY MANNER FROM THIS AGREEMENT AND/OR THE PERFORMANCE OR NONPERFORMANCE HEREUNDER.

41. As an affirmative defense to Count III (Breach of Contract), Defendant asserts prior material breach of contract by Plaintiff of dependent covenants of its obligations under the Master Services Agreement. Specifically, prior to any breach by Defendant, Plaintiff breached the reasonable assistance provision of the Master Service Agreement, at paragraph 7 a., which provides, as follows:

> **Reasonable Assistance**. Client shall provide, in a timely and professional manner, and at no cost to Verity, assistance, cooperation, and complete and accurate information and data to the best of its knowledge and/or ability as required by Verity to perform its responsibilities herein.

The breach was material and the provision breached was a dependent covenant of the Master Service Agreement. Likewise, Defendant did not waive the assertion of the prior breach by Plaintiff.

42. As an affirmative defense to Count III (Breach of Contract), Defendant asserts that Plaintiff breached the implied covenant of good faith and fair dealing in its conduct regarding the alleged items of breach of contract asserted in Count III of the Amended Complaint.

43. As an affirmative defense to all Counts of the Amended Complaint, Defendant asserts the entitlement to a set-off for all amounts received by the Museum in reduction of the damages suffered or alleged in the Amended Complaint.

## COUNTERCLAIM WITH JURY DEMAND

Defendant/counter-plaintiff Verity Partners, Inc., asserts against plaintiff/counter-defendant Norton Museum of Art, Inc., this counterclaim and alleges, as follows:

## PARTIES

44. Defendant/counter-plaintiff Verity Partners, Inc. ("Verity") is a Florida corporation with its principal place of business in Palm Beach County, Florida.

45. Verity provides technology services, including telecommunication and network services.

46. Plaintiff/counter-defendant Norton Museum of Art, Inc. (the "Museum") is a non-profit organization with its principal place of business in Palm Beach County, Florida.

## JURISDICTION AND VENUE

47. This Court has supplemental jurisdiction over Verity's breach of contract claim pursuant to 28 U.S.C. § 1367. Under Rule 13 of the Federal Rules of Civil Procedure, the counterclaim asserted by Verity is compulsory.

48. By virtue of the Museum's choice of the instant forum, this Court has personal jurisdiction over the Museum and venue is appropriate.

## Count I
### (Breach of Contract)

49. All conditions precedent to the institution of this action, if any, have occurred, have been performed, or have been waived.

50. On August 5, 2015, the parties entered into a Master Service Agreement. The Master Service Agreement contemplated additional future Service Orders and addenda, which by the express terms of the Master Service Agreement, would be incorporated into the Master Service Agreement, composing the "Entire Agreement."

51. On or about October 1, 2025, the Museum notified Verity that it was early terminating the Unity telephone services provided by Verity under the Master Service Agreement, as modified by Service Orders and addenda.

52. Regarding effect of the Museum's termination of a service being provided by Verity, including the termination of the Unity telephone services, the Master Service Agreement states, as follows:

> **Effect of Termination.** Upon 30 Days advance written notice to Verity, Client may terminate any Service Orders for any reason before term end and pay Verity all amounts then due, in addition to "Remaining Obligations" calculated as Monthly Recurring Charges multiplied by the number of months remaining in the term(s) of those service orders calculated from the date of initial service activation/delivery.

53. The Museum failed to pay the amounts due under the foregoing termination provision in the Master Service Agreement.

54. The Master Service Agreement, at paragraph 8, provides for an award of attorney's fees and costs to Verity, as follows:

> If Verity initiates legal proceeding to collect any amount due hereunder and Verity substantially prevails in such proceedings then Customer shall pay the reasonable attorneys' fees and costs incurred by Verity in prosecuting such proceedings and any appeals therefrom.

55. As the result of the Museum's material breach of the Master Service Agreement, Verity suffered damages and has incurred attorneys' fees and costs, the amount of which to be determined at trial.

WHEREFORE, Verity prays for relief and judgment against the Museum for damages, including prejudgment and post judgment interest thereon, as well as an award of attorneys' fees and costs.

## JURY DEMAND

Defendant/counter-plaintiff Verity Partners, Inc. demands a jury trial on all issues so triable.

Respectfully submitted,

Hess & Heathcock, P.A.
*Counsel for defendant*
40 S.E. Osceola Street
Stuart, Florida 34994
772.223.0209
whess@hhfirm.com
hhfirm@gmail.com
<u>/s/ William T. Hess</u>
William T. Hess
Florida Bar No. 801224

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 9, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system to be distributed to all counsel of record.

<u>/s/ William T. Hess</u>
William T. Hess