**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **NORTON MUSEUM OF ART, INC.,** | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| | : | CASE NO. 9:25-cv-81303 |
| | : | |
| **VERITY PARTNERS, INC.,** | : | District Judge Donald M. Middlebrooks |
| *Defendant.* | : | Magistrate Judge William Matthewman |
| | : | |
| | : | |
| | : | |

**ANSWER TO COUNTERCLAIM BY PLAINTIFF**
**NORTON MUSEUM OF ART, INC.**

For its Answer to the Counterclaim of Defendant/Counter-Plaintiff Verity Partners, Inc. ("Verity"), Plaintiff/Counter-Defendant Norton Museum of Art, Inc., ("the Museum") states as follows:

**PARTIES**

44.     The Museum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Verity's Answer and Counterclaim ("the Counterclaim") and therefore denies the same.

45.     The Museum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Counterclaim and therefore denies the same.

46.     The Museum admits the allegations contained in Paragraph 46 of the Counterclaim.

**JURISDICTION AND VENUE**

47.     Paragraph 47 of the Counterclaim contains legal conclusions to which no response

is required.  To the extent a response is required, the Museum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Counterclaim and therefore denies the same.

48.      Paragraph 48 of the Counterclaim states a legal conclusion to which no response is required.  To the extent a response is required, the Museum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Counterclaim and therefore denies the same.

**<u>COUNT I</u>**
**(Breach of Contract)**

49.      The Museum denies the allegations contained in Paragraph 49 of the Counterclaim.

50.      In response to Paragraph 50 of the Counterclaim, the Museum admits that it entered into a Master Services Agreement with Verity on or around August 5, 2015.  The Museum denies any remaining allegations in Paragraph 50 of the Counterclaim.

51.      In response to Paragraph 51 of the Counterclaim, the Museum admits that it provided written notice of termination of the Unity telephone service to Verity on or around October 1, 2025.  The Museum denies any remaining allegations in Paragraph 51 of the Counterclaim.

52.      The Museum denies the allegations contained in Paragraph 52 of the Counterclaim to the extent they are inconsistent with the Master Services Agreement.

53.      The Museum denies the allegations contained in Paragraph 53 of the Counterclaim.

54.      The Museum denies the allegations contained in Paragraph 54 of the Counterclaim to the extent they are inconsistent with the Master Services Agreement.  Further answering, the Museum denies that Verity is entitled to any attorneys' fees or costs in this action.

55.      Paragraph 55 of the Counterclaim contains legal conclusions to which no response

is required.  To the extent a response is required, the Museum denies the allegations contained in Paragraph 55.

## AFFIRMATIVE DEFENSES

In further response to the Counterclaim, and without conceding or assuming that it bears any burden of proof not required by law, the Museum asserts the following affirmative defenses to Verity's Counterclaim:

### FIRST DEFENSE

1.      Verity's Counterclaim fails to state a claim, in whole or in part, upon which relief may be granted and further fails to set forth sufficient facts to entitle Verity to any relief sought.

### SECOND DEFENSE

2.      Verity's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, or estoppel.

### THIRD DEFENSE

3.      Verity failed to mitigate its damages, if any.

### FOURTH DEFENSE

4.      Verity's own actions caused or contributed to its alleged injuries and damages, thus barring recovery.

### FIFTH DEFENSE

5.      Verity's claims are barred, in whole or in part, by the doctrine of bad faith and/or unclean hands.

### SIXTH DEFENSE

6.      Verity's claims are barred because Verity has failed to comply with applicable contractual terms and conditions.

### SEVENTH DEFENSE

7.      The Museum reserves the right to assert additional affirmative defenses to such an extent as warranted through discovery or factual developments in the case.

WHEREFORE, the Museum requests that this Court dismiss Verity's Counterclaim with prejudice and award to the Museum its costs, attorney's fees, and other expenses, and any other relief that this Court may deem proper and just.

/s/ Liana R. Hollingsworth
Liana R. Hollingsworth (FL-76930)
Danielle S. Rice (OH-0093757) *(pro hac vice)*
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Telephone: (614) 464-5628
Facsimile: (614) 719-5129
Email: lrhollingsworth@vorys.com
          dsrice@vorys.com

*Attorneys for Plaintiff Norton Museum of Art, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026 a copy of the foregoing Answer to Counterclaim

was filed electronically and served on counsel of record via the Court's electronic filing system.

*/s/ Liana R. Hollingsworth*
Liana R. Hollingsworth (FL-76930)